**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Evans,<br><br>    Plaintiff,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Defendants. | No. CV-17-00252-PHX-JAT (BSB)<br><br>**ORDER** |

Pending before the Court is Ryan Evans' ("Plaintiff's") Motion to Object pursuant to Fed. R. Civ. P. 72(a). (Doc. 220).

**I. Procedural Background**

Plaintiff filed a non-habeas civil action on January 26, 2017 alleging that Defendants violated his Eighth and Fourteenth Amendment rights, and were negligent under state law, by failing to provide Plaintiff adequate medical care related to a "fracture of his left [clavicle] suffered in a motor vehicle accident" while he was in the custody of the Arizona Department of Corrections ("ADC") and while he was under the care of Corizon Correctional Health, Inc. ("Corizon"). (Doc. 1).

On January 26, 2017, Plaintiff filed an application for leave to proceed *in forma pauperis*. (Doc. 2).

On May 23, 2018, Plaintiff filed his third motion[1] for appointment of counsel.

---

[1] Plaintiff filed his first motion for appointment of counsel on January 28, 2018, (Doc. 157), which was denied by Magistrate Judge Bridget S. Bade ("Magistrate Judge") on January 31, 2018, (Doc. 162). Plaintiff filed his second motion for appointment of counsel on March 16, 2018, (Doc. 193), which was similarly denied by the Magistrate

(Doc. 209). Plaintiff asserted that his case was complex by the virtue that it involved a denial of medical treatment, and that he needed assistance to prepare for trial due to his lack of legal training. (*Id.*) On June 5, the Magistrate Judge denied Plaintiff's third motion for appointment of counsel because: (1) there is no constitutional right to the appointment of counsel in a civil case; and (2) Plaintiff had not shown "exceptional circumstances" as required by the Ninth Circuit to warrant appointment of counsel by the Court pursuant to 28 U.S.C. § 1915(e)(1). (Doc. 210). The Magistrate Judge found Plaintiff's claim that his case was complex conclusory and noted that appointment of counsel to prepare for trial would be premature because the case had not been set for trial and the dispositive motions deadline had not expired. (*Id.*)

On June 15, Plaintiff filed a motion to reconsider the Magistrate Judge's order denying his motion to appoint counsel. (Doc. 217). On June 19, the Magistrate Judge denied this motion. (Doc. 218).

On July 19, Plaintiff filed a motion to object to the Magistrate Judge's decision to deny Plaintiff's motion for reconsideration of appointment of counsel, (Doc. 220), which this Court treats as an appeal from the Magistrate Judge.

**II.    Governing Law**

In nondispositive matters, a district judge "must consider timely[2] objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). To determine that a matter is nondispositive, the Court must "examine whether the denial of the motion effectively disposes of a claim or defense or precludes the ultimate relief sought." *Bastidas v. Chappell*, 791 F.3d 1155, 1164 (9th Cir. 2015).

Under the District of Arizona's Local Rules of Civil Procedure ("Local Rules"), a district judge "will ordinarily deny a motion for reconsideration of an Order absent a

---

Judge on March 19, 2018, (Doc. l94).
[2] A party must serve and file its objections to an order within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). Plaintiff objected 30 days after the Magistrate Judge denied Plaintiff's motion for reconsideration. The Court, however, will consider the merits of Plaintiff's motion. *Cf.* Fed R. Civ. P. 72(a).

showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). The Local Rules operate with the "force of law" and bind the Court and the parties. *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (quoting *Martel v. Cty. of Los Angeles*, 21 F.3d 940, 946–47 (9th Cir. 1994)). Furthermore, although courts must construe *pro se* filings liberally, *Woods v. Carey*, 525 F.3d 886, 889–90 (9th Cir. 2008), these rules apply equally to *pro se* litigants such as Plaintiff. LRCiv 83.3(c)(1); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) (upholding dismissal of *pro se* action where the prisoner failed to comply with a Nevada local rule).

There is no constitutional right to appointed counsel in a civil case such as this one. *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985); *see also Hedges v. Resolution Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings."). A "court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Federal courts, however, have no authority to coercively appoint counsel under Section 1915. *Mallard v. U. S. Dist. Court*, 490 U.S. 296, 310 (1989). A court may only appoint counsel under Section 1915 under "exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). When determining whether exceptional circumstances exist, a court's decision should be "based on such factors as the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity." *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither factor is dispositive; "both must be viewed together before reaching a decision on request of counsel . . . ." *Wilborn*, 789 F.2d at 1331.

**III.    Analysis**

The Magistrate Judge's order denying Plaintiff's motion for reconsideration of the previous order denying his motion requesting appointment of counsel is nondispositive. *See Marquez v. Corizon Health Servs.*, 710 F. App'x 301, 301 (9th Cir. 2018). That order

1 did not dispose of any claims or defenses. Thus, this Court will determine whether the
2 Magistrate Judge's order was contrary to law or made in clear error.

3 The Magistrate Judge appropriately applied the standard of review in Local Rule 7.2(g). The Magistrate Judge found, and this Court agrees, that Plaintiff has not presented new facts or legal authority that could not have been previously presented to the Magistrate Judge. Similarly, Plaintiff has not made a showing of manifest error. Plaintiff made the same conclusory statements in his motion to reconsider as were presented in his original motion requesting appointment of counsel: that Plaintiff is unable to present an effective defense because the case is a medical case that requires expert testimony and that the Plaintiff is "unlettered in the law." (Doc. 220; *see also* Docs. 209, 217). Plaintiff proffers his *pro se* status as evidence of the necessity for counsel. As explained by the Magistrate Judge, however, Plaintiff's difficulties are not exceptional when compared to the difficulties faced by most other *pro se* prisoner litigants. (Doc. 210). *See Housewright*, 900 F.2d at 1335 (explaining that prisoner litigants' lack of a legal education does not constitute "exceptional circumstances"); *Zamaro v. Moonga*, 656 F. App'x 297, 299 (9th Cir. 2016) (explaining that lack of adequate knowledge of "complex legal and medical issues" is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations."); *see also Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) ("[T]he Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation."). Plaintiff has made no acceptable argument that the Magistrate Judge's order contained an error of such nature that would require reconsideration of the order. Because Plaintiff did not satisfy either of the requirements under Local Rule 7.2(g), the Magistrate Judge correctly denied the motion for reconsideration.

This Court will review the Plaintiff's original objection, in light of the information provided in Plaintiff's objection, *de novo*.

Plaintiff evokes *Parsons v. Ryan*, No. CV-12-0301-PHX-DKD, 2018 WL 3239691 (D. Ariz. June 22, 2018) as evidence that medical cases may require expert

testimony which is easier to obtain with assistance of counsel. (Doc. 220). However, counsel is warranted only in limited situations; specifically, where complex medical issues impede the plaintiff's ability to articulate their medical claims *pro se*. *See, e.g., Tai Huynh v. Callison*, 700 F. App'x 637, 639 (9th Cir. 2017) (holding that a plaintiff's medical issues were complex when related to multidrug-resistant tuberculosis when the Center for Disease Control had issued warnings regarding the failure to take medications as prescribed). In this case, Plaintiff has not shown himself incapable of articulating his claims *pro se*, nor has he shown that the medical issues presented in his case are sufficiently complex.

Plaintiff further claims that Defendants "continue to display deliberate indifference to [his] serious medical needs." (Doc. 220). This reference to actions and inactions by Defendants is outside of the scope of the original complaint and, therefore, these claims are unrelated to Plaintiff's request for appointment of counsel.

Plaintiff's final claim[3] is that Defendants are "us[ing] [his] inability to properly litigate his claim against him." (Doc. 220). As discussed previously, Plaintiff has not demonstrated that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. There are many unrepresented prisoner litigants who bring healthcare complaints before the court. *See, e.g.*, *Zamaro*, 656 F. App'x at 298; *Tai Huynh*, 700 F. App'x at 638; *Wills v. Pompey*, 8 F. App'x 647, 648 (9th Cir. 2001); *Housewright*, 900 F.2d at 1333. The frequency of *pro se* prisoner complaints regarding medical issues demonstrates that Plaintiff's circumstances are not, by definition, exceptional. Absent evidence of exceptional circumstances, Plaintiff's request for appointment of counsel in this civil case must be denied.

. . .

. . .

---

[3] Plaintiff also mentions his January 2018 filing of a Motion to Recuse the Magistrate Judge for failure to apply the law. (Doc. 160). Plaintiff claims that he "never received a response from this [C]ourt" regarding the motion in question. (Doc. 220). Plaintiff's Motion to Recuse was denied by the Magistrate Judge. (Doc. 190). Plaintiff has not raised any objections to the denial order with the Court.

**IV. Conclusion**

Based on the foregoing.

**IT IS ORDERED** that Petitioner's Motion to Object, (Doc. 220), is **denied**.

Dated this 14th day of September, 2018.

James A. Teilborg
Senior United States District Judge