1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9    Ryan Evans,                                    No. CV-17-00252-PHX-JAT

10                  Plaintiff,                       **ORDER**

11    v.

12    Charles Ryan, et al.,

13                  Defendants.

14

15          On December 21, 2018, Plaintiff filed a Motion for Appointment of Counsel.

16   (Doc. 246). The only remaining Defendant, Annemarie Smith-Whitson, does not oppose

17   Plaintiff's request. For the reasons set forth below, Plaintiff's motion (Doc. 246) is denied.

18          There is no constitutional right to the appointment of counsel in a civil case. *Hedges*

19   *v. Resolution Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994); *Ivey v. Bd. of Regents of Univ.*

20   *of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion

21   to appoint counsel for indigent civil litigants upon a showing of "exceptional

22   circumstances." *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th

23   Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). To determine

24   whether exceptional circumstances exist, the Court evaluates the petitioner's likelihood of

25   success on the merits as well as the ability of the petitioner to articulate his or her claim in

26   light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017 (citing

27   *Wilborn*, 789 F.2d at 1331). Neither factor is determinative, and the Court must consider

28   both factors before reaching a decision on a request for appointment of counsel.

1    *See Wilborn*, 789 F.2d at 1331.

2    Plaintiff previously filed a Motion for Appointment of Counsel (Doc. 157) on

3    January 29, 2018. In an Order dated January 31, 2018 (Doc. 162), the Magistrate Judge

4    denied Plaintiff's prior request for appointment of counsel, reasoning:

> Plaintiff has not demonstrated that he is likely to succeed on
> the merits of his claims or that he is experiencing difficulty
> litigating his case because the issues are complex. Any
> difficulties that Plaintiff may experience due to his lack of legal
> training and limited access to legal resources are the same
> difficulties that most *pro se* prisoner litigants face and do not
> establish exceptional circumstances. Accordingly, the Court
> denies Plaintiff's motion for appointment of counsel.

10   (Doc. 162).

11   Plaintiff, again, does not meet the standard for appointment counsel. Plaintiff shows

12   little likelihood of success on the merits and has not demonstrated that he is unable to

13   articulate his claims in light of the complexity of the legal issues involved. Plaintiff's facts

14   supporting his purported need for counsel, for example that he has no legal education and

15   is unsure how to prepare for trial, (Doc. 246 at 1–2), are not unlike the situation facing

16   most *pro se* prisoner litigants. Thus, these facts do not represent the sort of "exceptional

17   circumstances" necessary to grant Plaintiff's request for appointment of counsel. Further,

18   although Plaintiff claims he is "unable to contact witnesses," incarcerated *pro se* litigants

19   have, in the past, proved able to contact and produce witnesses before this Court. Plaintiff

20   has not presented any reason why he, personally, is unable to contact or produce witnesses,

21   nor given any indication that he is deprived access to the same or similar resources as other

22   incarcerated litigants. Finally, while Plaintiff contends that this "is a complex medical

23   claim," (Doc. 246 at 2), the Court finds nothing novel or complex in the issues as revealed

24   by the record as to justify the appointment of counsel.

25   //

26   //

27   //

28   //

1    Accordingly,

2    **IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 246)

3    is **DENIED**.

4    **IT IS FURTHER ORDERED** that all dates set forth in the Court's

5    December 18, 2018 Order (Doc. 244) and in the Court's December 19, 2018 Order

6    (Doc. 245) shall remain in effect.

7    Dated this 7th day of January, 2019.

8

9

10

11

James A. Teilborg
Senior United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28