**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Evans,<br><br>    Plaintiff,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Defendants. | No. CV-17-00252-PHX-JAT<br><br>**ORDER** |

At issue is Defendant Smith-Whitson's ("Defendant") Motion for Leave to File a Second Motion for Summary Judgment (Doc. 252). The Court now rules on this Motion.

**I.     BACKGROUND**

Plaintiff Ryan Evans is an inmate in the custody of the Arizona Department of Corrections. Defendant is the Deputy Warden of the Florence, North Unit at the Arizona State Prison Complex. On January 26, 2017, Plaintiff filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant was deliberately indifferent to his medical needs when she ordered that Plaintiff be moved to tent housing "in direct defiance and contravention of the medical orders of Dr. Christopher Johnson[.]"[1] (Doc. 1 at 14). After determining that Plaintiff stated an Eighth Amendment deliberate indifference claim, the Court required Defendant to answer. (Doc. 5 at 7, 10). Defendant denied any wrongdoing

---

[1] Plaintiff's Complaint also asserted a state law negligence claim. (Doc. 1 at 6). However, Plaintiff and Defendant stipulated to the dismissal of the negligence claim against Defendant on May 9, 2018. (*See* Doc. 206). In an Order dated May 14, 2018, the Court granted the parties' joint stipulation, and dismissed the negligence claim against Defendant from Plaintiff's Complaint with prejudice. (*See* Doc. 207).

in her Answer. (Doc. 24). The Court's Scheduling Order set the dispositive motion deadline as January 8, 2018. (Doc. 28 at 3). After extending the dispositive motion deadline on three prior occasions, (*see* Docs. 84, 175, 198), the Court ultimately extended the dispositive motion deadline to June 6, 2018, (Doc. 205).

On October 16, 2017, Plaintiff filed a Motion for Partial Summary Judgment on his Eighth Amendment deliberate indifference claim against Defendant. (Doc. 90). Defendant's motion alleged that Defendant was aware of the November 15, 2016 Special Needs Order ("SNO") signed by Dr. Johnson prohibiting Plaintiff's placement in tent housing based on an email exchange between Defendant, Lieutenant Williams, and Nurse Williams in which Defendant was "advised of [] Plaintiff's serious medical condition and his medical need for climate controlled housing[.]" (*Id.* at 4). Upon Defendant's motion, (*see* Doc. 105), the Court extended the deadline for Defendant to respond to Plaintiff's Motion for Partial Summary Judgment to December 15, 2017, (Doc. 107). Thereafter, Defendant filed a Response to Plaintiff's Motion for Partial Summary Judgment and Cross-Motion for Summary Judgment on December 15, 2017 in which Defendant denied having any knowledge of the issuance of the SNO for no tent housing. (Doc. 117 at 11). Defendant also stated that she had no reason to believe Plaintiff required a medical accommodation and that she was not involved in the decision to transfer Plaintiff to tent housing. (*Id.* at 12–13).

In an Order dated May 1, 2018, the Court denied the parties' cross-motions for summary judgment, finding that the evidence "supports the inference that Defendant was aware of the November 15, 2016 SNO and that she was involved in its termination." (Doc. 201 at 15). The Court also found that there was no "evidence in the record explaining why the November 15, 2016 SNO said Plaintiff's 'treatment was discontinued' that very same day, when he was still being treated for the clavicle problem and awaiting further surgery." (*Id.*).

On February 12, 2019, Defendant filed the motion at issue. (Doc. 252). Should the Court decide to grant Defendant's Motion, Defendant requests that the trial date be vacated

and reset, if necessary, following the Court's ruling on her second proposed motion for summary judgment. (*Id.* at 4).

## II. ANALYSIS

Even though the Final Pretrial Conference is scheduled for March 20, 2019 and trial is set to begin on April 1, 2019, (Doc. 244), Defendant asks that the Court grant her leave to file a second motion for summary judgment based on "recently discovered evidence." (Doc. 252 at 1). However, the dispositive motion deadline—set forth in the Scheduling Order and in successive orders—expired over eight months ago on June 6, 2018. (*See* Docs. 28, 84, 175, 198, 205).

The Court declines to exercise its discretion to permit Defendant to file a second summary judgment motion this close to the April 1, 2019 trial date and March 20, 2019 Final Pretrial Conference. Allowing Defendant to circumvent the dispositive motion deadline this late in the proceedings threatens the sort of disruption that Rule 16 was designed to prevent. Moreover, consecutive filings strain judicial resources. Defendant contends that this second summary judgment motion will serve to "avoid the time and expense in having the parties try an issue" that "will invariably have to be addressed by the Court on a Rule 50 motion for judgment as a matter law." (Doc. 252 at 3). Nevertheless, the judicial resources that would be expended to rule on Defendant's second proposed summary judgment motion will likely exceed the resources needed to try this case.

Furthermore, Defendant failed to demonstrate the diligence necessary to meet Rule 16's "good cause" requirement. Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under the "good cause" standard, "[t]he pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks and citation omitted).

To demonstrate "good cause," Defendant asserts that she was unable to locate Nurse

Williams—the individual who documented the November 15, 2016 SNO—prior to filing her first Motion for Summary Judgment. (*Id.* at 2). While preparing her draft of the Joint Proposed Final Pretrial Order, however, Defendant located Nurse Williams. (*Id.* at 2–3). According to Defendant, Nurse Williams advised defense counsel that Plaintiff's November 15, 2016 SNO was discontinued that same day because it was not approved by Dr. Johnson. (*Id.* at 3). Defendant's Motion then continues: "[u]ndersigned counsel has spoken with Dr. Johnson who has confirmed that he would not approve a 'no tent' housing SNO for Plaintiff for the clavicle condition he had in November 2016[,]" and that "he would never discontinue a medically necessary SNO at the request of security staff such as Defendant Smith-Whitson." (*Id.*).

In support of her second Motion for Summary Judgment, Defendant provides declarations from both Nurse Williams and Dr. Johnson. (*Id.*; *see* Doc. 255-1 at 6–10, 49–53). Nurse William's Declaration is not dated. (*See* Doc. 255-1 at 53). Even if it were dated, however, Defendant still fails to demonstrate good cause. Defendant's Motion insinuates that finally locating Nurse Williams when preparing for trial led to new insight from Dr. Johnson that "Plaintiff did not have a valid SNO for 'no tent' housing on November 15, 2016, and that Defendant Smith-Whitson had no involvement with Dr. Johnson's decision not to issue such an SNO to Plaintiff." (*Id.*). Nevertheless, Dr. Johnson's Declaration was executed on February 1, 2018. (*See* Doc. 255-1 at 10). Although Defendant claims that her Motion is based on "newly discovered evidence," (Doc. 252 at 1), by February 1, 2018 Defendant was aware that Dr. Johnson did not sign off on the SNO written by Nurse Williams because Dr. Johnson believed there was no medical reason for Plaintiff to be issued an SNO for "no tent" housing. (*See* Doc. 255-1 at 9–10). From February 1, 2018, Defendant had more than four months to request leave to file a second motion for summary judgment prior to the expiration of the extended dispositive motion deadline of June 6, 2018. (*See* Docs. 28, 84, 175, 198, 205). Defendant's failure to do so demonstrates a lack of diligence. *See Zivkovic*, 302 F.3d at 1087. Accordingly, the Court declines to grant Defendant's Motion as there is not "good cause"

to modify the Scheduling Order.

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant Smith-Whitson's Motion for Leave to File a Second Motion for Summary Judgment (Doc. 252) is **DENIED**.

**IT IS FURTHER ORDERED** that all deadlines respective to trial remain in place.

Dated this 22nd day of February, 2019.

*[signature]*

James A. Teilborg
Senior United States District Judge